IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WARREN MORGAN, (TDCJ-CID #683202)   Petitioner, | § § § § § |
| VS. | §  CIVIL ACTION NO. H-10-1465 |
| RICK THALER,   Respondent. | § § § § |

## MEMORANDUM AND OPINION

The petitioner, Warren Morgan, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a state felony conviction for theft by a third offender. The respondent moved to dismiss the petition on the ground that it was filed too late. (Docket Entry No. 25). Morgan filed a response. (Docket Entry Nos. 27 & 28). Based on careful consideration of the pleadings, the motion and response, the state-court record, and the applicable law, this court grants the respondent's motion and, by separate order, enters final judgment. The reasons are set out below.

### I.   Background

Morgan pleaded guilty to the felony offense of theft, third offender. (Cause Number 1127364). On December 12, 2007, the court sentenced Morgan to a two-year prison term. Morgan did not appeal the conviction. Morgan filed an application for state habeas corpus relief on September 3, 2009, which the Texas Court of Criminal Appeals dismissed on February 17, 2010, because the sentence had been discharged. *Ex parte Morgan,* Application No. 73,246-01 at cover.

On April 28, 2010, this court received Morgan's federal petition. The petition was filed when Morgan gave it to the prison authorities for mailing to the district court. *Spotville v. Cain,* 149 F.3d

374, 378 (5th Cir. 1998). This court presumes that Morgan deposited his federal petition in the prison mail on the date he signed it, April 22, 2010. *Sonnier v. Johnson,* 161 F.3d 941, 945 (5th Cir. 1998).

Morgan contends that his conviction is void for the following reasons:

(1) he was denied due process during the state habeas proceedings;

(2) the trial court lacked jurisdiction to impose a sentence;

(3) defense counsel gave ineffective assistance; and

(4) his conviction is void because the trial court lacked jurisdiction to accept his guilty plea.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 7-8).

On May 3, 2010, this court dismissed Morgan's federal petition for lack of jurisdiction. (Docket Entry No. 5). Morgan filed a motion to alter the judgment, (Docket Entry No. 13), arguing that he was still in state custody as the result of a parole revocation based solely on the challenged conviction. (Docket Entry No. 13). Morgan does not specify the conviction for which his parole was revoked. Online research reveals that in Cause Numbers 9403480, 9403481, and 9403482, Morgan was sentenced to three thirty-five year prison terms on August 3, 1994. On August 7, 2002, Morgan was sentenced to two ten-year prison terms in Cause Numbers 920066 and 920067. On December 12, 2007, he pleaded guilty to the offense of Felony Theft, third offender, Cause No. 1127364. As a collateral consequence of that conviction, his parole was again revoked on December 14, 2007. He remains incarcerated.

Morgan made a reasonable showing that his 2007 conviction had caused the revocation of his parole and that he was in custody under § 2254. *See Brattain v. Cockrell,* 281 F.3d 1279, 2001

WL 1692470 (5th Cir. 2001). This court granted Morgan's motion to alter judgment, (Docket Entry No. 18), and ordered the respondent to file a response to the petition. (Docket Entry No. 17).

The threshold issue is whether Morgan filed this petition too late to permit this court to consider his claims. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions. The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In this case, the limitations period began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A).

The state trial court convicted Morgan on December 12, 2007. Morgan's conviction became final when the time expired for filing an appeal in the Texas Court of Appeals. *See* TEX. R. APP. P. 26.2 (formerly TEX. R. APP. P. 41(b)(1)). That occurred on January 11, 2008. The one-year limitations period ended on January 11, 2009. Morgan filed this suit on April 22, 2010.

Nothing in Morgan's petition suggests that he is challenging the legality of his parole revocation on December 14, 2007. Even if he is, this federal petition is still untimely. Assuming that he is challenging his parole revocation, the date that Morgan's state conviction became final does not enter into this court's analysis of the timeliness of Morgan's federal petition. 28 U.S.C. § 2244(d)(1)(a). Rather, the court must consider the date on which Morgan discovered the factual predicate of his claims. 28 U.S.C. § 2244(d)(1)(D). Morgan's parole was revoked on December 14, 2007. The factual predicate of Morgan's claim would have been known, at the latest, on that date. The limitations period would have ended one year later, on December 14, 2008. Morgan did not file this federal petition until April 22, 2010.

A properly filed application for state postconviction relief may toll limitations, 28 U.S.C. § 2244(d)(2)(West 1997), but not in this case. Morgan's state habeas application could not toll the federal limitations period because Morgan filed the state application after the federal limitations period had ended. *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000).

Morgan does not identify any other grounds for equitable tolling and the record discloses none. Morgan may not rely on his status as *pro se* litigant to excuse the delay in filing this petition.

Ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse late filing. *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *Davis v. Johnson,* 158 F.3d 806, 808-12 (5th Cir. 1998); *Barrow v. S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir. 1991); *United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993) (an inmate's *pro se* status, illiteracy, deafness, or lack of legal training do not amount to factors external to the inmate that excuse an abuse of the writ); *Saahir v. Collins,* 956 F.2d 115, 118-19 (5th Cir. 1992)(holding that neither the prisoner's *pro se* status nor ignorance of the law constitutes "cause" for failing to include legal claim in prior petition). Morgan's delay in filing his state habeas application mitigates against the application of the tolling doctrine. *Ott v. Johnson,* 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied,* 529 U.S. 1099 (2000).

Morgan does not satisfy any of the exceptions to the AEDPA statute of limitations. The record does not indicate that any unconstitutional state action prevented him from filing an application for federal habeas relief before the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Morgan's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Morgan's claims relate to the guilty plea and revocation that occurred on December 12 and 14, 2007. Morgan has not shown that he did not know of the factual predicate of his claims earlier. 28 U.S.C. § 2244(d)(1)(D).

The respondent's motion to dismiss, (Docket Entry No. 25), is granted. Morgan's petition for a writ of habeas corpus is denied. This case is dismissed with prejudice. Morgan's motion for the appointment of counsel, (Docket Entry No. 26), is denied as moot. Any remaining pending motions are denied as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack,* 529 U.S. at 484). Morgan has not made the showing necessary for issuance of a COA.

SIGNED on April 25, 2011, at Houston, Texas.

Lee H. Rosenthal<br>United States District Judge